UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

LEE E. LEMON,

               Plaintiff,

v.

NANCY A. BERRYHILL,
*Acting Commissioner of Social Security*,[1]

               Defendant.

**DECISION AND ORDER**
15-CV-85S

---

     1.     Plaintiff Lee E. Lemon challenges Administrative Law Judge William E. Straub's ("ALJ") determination that he is not disabled within the meaning of the Social Security Act ("the Act"). Plaintiff alleges that he has been disabled and unable to work since October 1, 2010, due to HIV positive status, high blood pressure, diabetes mellitus, gout, and lumbar disc herniation. (R. at 62, 218). He therefore asserts that he is entitled to payment of disability benefits under the Act.

     2.     Plaintiff filed an application for Title II Social Security Disability ("SSD") benefits on February 24, 2012, alleging a disability onset date of June 1, 2008. (R. at 81.) The Commissioner denied Plaintiff's application on May 25, 2012. (R. 84-94.) Plaintiff then requested a hearing before an ALJ. (R. at 96-7.) On June 26, 2013, Plaintiff amended his disability onset date to October 1, 2010. (R. at 218.) On June 27, 2013, the ALJ held a hearing at which Plaintiff testified. (R. at 49-74.) After consideration of the evidence, the ALJ denied Plaintiff's application for disability insurance benefits on

---

[1] Nancy A. Berryhill became Acting Commissioner of Social Security on January 23, 2017. She is substituted for Carolyn W. Colvin as the Defendant in this action, under Rule 25 (d) of the Federal Rules of Civil Procedure.

1

September 5, 2013.  (R. at 33-48.)  Thereafter, on January 28, 2015, the Appeals Council denied Plaintiff's request for review. (R. at 1.)

3.  Plaintiff filed the current civil action challenging Defendant's final decision on January 29, 2015.  (Docket No. 1.)  On June 5, 2015, Plaintiff filed a Motion for Judgment on the Pleadings under Rule 12 (c) of the Federal Rules of Civil Procedure. (Docket No. 6.)  On September 8, 2015, Defendant filed a Cross Motion for Judgment on the Pleadings.  (Docket No. 10.)  After full briefing, this Court took the motions under advisement without oral argument.

4.  A court reviewing a denial of disability benefits may not determine de novo whether an individual is disabled.  See 42 U.S.C. §§ 405 (g), 1383 (c)(3); Wagner v. Sec'y of Health & Human Servs., 906 F.2d 856, 860 (2d Cir. 1990).  Rather, the Commissioner's determination will be reversed only if it is not supported by substantial evidence or there has been a legal error.  See Grey v. Heckler, 721 F.2d 41, 46 (2d Cir. 1983); Marcus v. Califano, 615 F.2d 23, 27 (2d Cir. 1979).  Substantial evidence is that which amounts to "more than a mere scintilla," and it has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d 842 (1971).  Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld.  See Rutherford v. Schweiker, 685 F.2d 60, 62 (2d Cir. 1982).

5.  "To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must

also include that which detracts from its weight." Williams on Behalf of Williams v. Bowen, 859 F.2d 255, 258 (2d Cir. 1988). If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." Rosado v. Sullivan, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and will not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a de novo review." Valente v. Sec'y of Health & Human Servs., 733 F.2d 1037, 1041 (2d Cir. 1984).

6. The Commissioner has established a five-step sequential evaluation process to determine whether an individual is disabled as defined under the Act. See 20 C.F.R. §§ 404.1520, 416.920. The United States Supreme Court recognized the validity of this analysis in Bowen v. Yuckert, 482 U.S. 137, 140-42, 107 S. Ct. 2287, 2291, 96 L. Ed. 2d 119 (1987), and it remains the proper approach for analyzing whether a claimant is disabled. This five-step process is detailed below:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform.

Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982) (per curiam) (quotations in original); see also Rosa v. Callahan, 168 F.3d 72, 77 (2d Cir. 1999); 20 C.F.R. § 404.1520.

7. While the claimant has the burden of proof as to the first four steps, the Commissioner has the burden of proof on the fifth and final step. See Bowen, 482 U.S. at 146 n.5; Ferraris v. Heckler, 728 F.2d 582, 584 (2d Cir. 1984). The final step of this inquiry is, in turn, divided into two parts. First, the Commissioner must assess the claimant's job qualifications by considering his physical ability, age, education, and work experience. Second, the Commissioner must determine whether jobs exist in the national economy that a person having the claimant's qualifications could perform. See 42 U.S.C. § 423 (d)(2)(A); 20 C.F.R. § 404.1520 (f); Heckler v. Campbell, 461 U.S. 458, 460-61, 103 S. Ct. 1952, 1954, 76 L. Ed. 2d 66 (1983).

8. In this case, the ALJ made the following findings with regard to the five-step process set forth above: (1) Plaintiff has not engaged in substantial gainful activity since June 1, 2008, (the disability onset date that Plaintiff originally alleged in his application), through March 31, 2013, Plaintiff's date last insured (R. at 38); (2) Plaintiff's HIV positive status, high blood pressure, diabetes mellitus, gout, and lumbar disc herniation constitute "severe" impairments within the meaning of the Act (R. at 38); (3) Plaintiff's impairments do not meet or medically equal any of the impairments listed in C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520 (d), 404.1525 and 404.1526) (R. at 39); (4) Plaintiff retained the residual functional capacity to perform the full range of sedentary work as defined in 20 C.F.R. § 404.1567 (a) (R. at 39-43); and (5) Plaintiff is capable of performing past relevant work as a customer service representative (R. at 43-4). Ultimately, the ALJ determined that Plaintiff was not under a disability, as defined by sections 216 (i) and 223

4

(d) of the Act, at any time from June 1, 2008, the initial alleged onset date, through March 31, 2013, the date last insured. (R. at 43-4.)

9. Plaintiff advances four challenges to the decisions below. His first two arguments are that the ALJ misapplied the treating-physician rule and failed to sufficiently develop the record. Plaintiff's third and fourth arguments are that the Appeals Council mishandled evidence that he submitted from his treating physician and his occupational therapist. Since this Court agrees that the ALJ failed to properly develop the record, this case will be remanded for further proceedings.

10. Because benefits proceedings are non-adversarial, an ALJ is obligated to fully develop the administrative record, regardless of whether the claimant is represented by counsel. Shaw v. Chater, 221 F.3d 126, 131 (2d Cir. 2000) (citing Schaal v. Apfel, 134 F.3d 496, 505 (2d Cir. 1998) and Echevarria v. Sec'y of Health & Human Servs., 685 F.2d 751, 755 (2d Cir. 1982)). This duty arises from the Commissioner's regulatory obligations to develop a complete medical record before making a disability determination. Pratts v. Chater, 94 F.3d 34, 37 (2d Cir. 1996) (relying on 20 C.F.R. § 404.1512 (d)-(f) (1995)).

11. When there are deficiencies or gaps in the record, or when an ALJ perceives inconsistencies in a treating physician's report, the ALJ bears an affirmative duty to develop the record by seeking additional information. Rosa, 168 F.3d at 79. For example, an ALJ should obtain a consultative examination "when the evidence as a whole is insufficient to allow [him or her] to make a determination or decision on [the] claim" or "[t]here is an indication of a change in [the claimant's] condition that is likely to affect [his or her] ability to work, but the current severity of [the claimant's] impairment is not established." 20 C.F.R. § 404.1519a (b).

12.     Here, a significant gap in the record exists.  In finding that Plaintiff was not disabled, the ALJ relied primarily on the opinions of Donna Miller, D.O., a consultative examiner, and Jacqueline Farwall, M.D., a non-consultative examiner, after discounting and affording little weight to Plaintiff's treating physician, Dwight Lewis, M.D.  (R. at 41-43.)  Drs. Miller and Farwall examined Plaintiff and his medical records *before* Plaintiff was involved in a serious motor vehicle accident that at least one orthopedist described as resulting in "significant injuries to [Plaintiff's] spine."  (R. at 312, 571.)  Dr. Lewis, on the other hand, completed Plaintiff's residual functional capacity evaluation *after* Plaintiff's accident, but the ALJ rejected his opinion because he found it to be based predominantly on Plaintiff's subjective complaints, internally inconsistent, and unsupported by objective evidence.  (R. at 41-43.)

13.     The ALJ then went on to discuss diagnostic testing related to Plaintiff's spinal injuries from the accident.  But because the ALJ rejected Dr. Lewis's opinion, and because the opinions that he relied on pre-dated Plaintiff's accident (Miller and Farwall), the ALJ lacked sufficient medical opinion evidence in the record upon which to base his conclusion that the clinical findings from Plaintiff's accident were not particularly severe or that the diagnostic study results were relatively mild.  (R. at 42.)  An evidentiary gap thus existed that required further development for the ALJ to properly consider whether the motor vehicle accident affected Plaintiff's medical conditions and ability to work.  See 20 C.F.R. § 404.1519a (b).  This is especially so since the ALJ himself acknowledged that the record was insufficient concerning Plaintiff's back limitations stemming from the motor vehicle accident.  (R. at 38.)  Consequently, this Court finds that the ALJ was obligated to further develop the record with additional medical opinion evidence or

clarification and amplification from Dr. Lewis or some other form of supplementation. The ALJ's failure to do so requires remand for further proceedings.[2]

14. After carefully examining the administrative record, this Court finds cause to remand this case to the ALJ for further administrative proceedings consistent with this decision. Plaintiff's Motion for Judgment on the Pleadings is therefore granted. Defendant's motion seeking the same relief is denied.


IT HEREBY IS ORDERED, that Defendant's Motion for Judgment on the Pleadings (Docket No. 10) is DENIED.

FURTHER, that Plaintiff's Motion for Judgment on the Pleadings (Docket No. 6) is GRANTED.

FURTHER, that this case is REMANDED to the Commissioner of Social Security for further proceedings consistent with this decision.

FURTHER, that the Clerk of Court is directed to CLOSE this case.

SO ORDERED.


Dated: September 17, 2017
       Buffalo, New York

                                        /s/William M. Skretny
                                        WILLIAM M. SKRETNY
                                        United States District Judge

---

[2] Because this Court finds that remand for development of the record and further proceedings is required, Plaintiff's arguments concerning the ALJ's application of the treating-physician rule and the Appeals Council's consideration of additional evidence are moot.